JUDGE SWAIN

Edward H. Rosenthal, Esq.
Nicole I. Hyland, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
nhyland@fkks.com
bgoldman@fkks.com

**11 CIV 9394**

*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate Of Gustavo Villoldo Argilagos*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X



ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually, and
as Administrator, Executor, and Personal             :    Case No.
Representative of the ESTATE OF GUSTAVO
VILLOLDO ARGILAGOS,
                                                     :    **COMPLAINT**
       Plaintiffs,

   -against-

FIDEL CASTRO RUZ, as an individual, and
as an official, employee, or agent of The
Republic of Cuba, RAUL CASTRO RUZ, as
an individual, and as an official, employee, or
agent of The Republic of Cuba, THE
MINISTRY OF INTERIOR, an agency or
instrumentality of The Republic of Cuba, THE
ARMY OF THE REPUBLIC OF CUBA, an
agency or instrumentality of The Republic of
Cuba, and THE REPUBLIC OF CUBA, a
foreign state,

       Defendants.
-----------------------------------------------------------------X

FKKS: 446869.v1                                                                         20798.200

Plaintiffs Alfredo Villoldo ("Alfredo"), individually, and Gustavo E. Villoldo ("Gustavo"), individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos (the "Estate") (collectively, "Plaintiffs"), for their Complaint against Defendants Fidel Castro Ruz, as an individual, and as an official, employee, or agent of The Republic of Cuba ("Fidel"), Raul Castro Ruz, as an individual, and as an official, employee, or agent of The Republic of Cuba ("Raul"), The Ministry of Interior, an agency or instrumentality of The Republic of Cuba (the "Interior"), The Army of the Republic of Cuba, an agency or instrumentality of The Republic of Cuba (the "Army"), and The Republic of Cuba, a foreign state ("Cuba") (collectively, the "Defendants"), state as follows:

## NATURE OF THE ACTION

1. Plaintiffs seek the recognition, confirmation, and enforcement of a money judgment award rendered in their favor against Defendants by the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entered on August 19, 2011 (Case No. 08-14505 CA 25) ("Final Judgment"), to enable them to enforce it against assets located in this Jurisdiction that belong to Defendants. An exemplified copy of the Final Judgment signed and affixed with the seal of the Clerk of Courts for the Circuit and County Courts of Miami-Dade County, Florida, and authenticated by the Hon. Jennifer D. Bailey, Judge of the Circuit Court, is attached hereto as Ex. A.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 because Plaintiffs seek enforcement of a money judgment rendered in Florida state court pursuant to the Full Faith and Credit Clause, U.S. Const. art. IV, §1, under 28 U.S.C. § 1330 because this is an action against a foreign state, and under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or

value of $75,000 and is between citizens of the United States and citizens or subjects of Cuba, a foreign state.

3.  Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because there are assets in this jurisdiction that belong to Defendants and are available to satisfy the Final Judgment.

## PARTIES

4.  Plaintiffs, Alfredo and Gustavo, are United States citizens who have resided in the United States since 1960. They are the sons of decedent Gustavo Villoldo Argilagos ("Mr. Villoldo"), a United States citizen, and businessman who resided in Cuba until his death in February 1959. Plaintiff, Gustavo, is the administrator, executor, and personal representative of the Estate.

5.  Defendant Cuba is a foreign state; Defendants the Interior and the Army are agencies and instrumentalities of Cuba; and Defendants Fidel and Raul are citizens of Cuba and officials, employees, or agents of Cuba. Defendants' acts of terrorism and torture against Plaintiffs and their father, which started in January 1959 and continued through mid-2003, led to Mr. Villoldo's death on February 16, 1959, the confiscation of his property, and extreme emotional distress to his family, including Plaintiffs.

## FACTUAL ALLEGATIONS

6.  In March 2011, Plaintiffs filed an Amended Complaint in Florida state court against Defendants for economic loss, intentional infliction of emotional distress, and wrongful death of their father pursuant to the terrorist exception to the Foreign Sovereign Immunities Act ("FSIA"), sections 1605A *et seq*. In March and April, 2011, Defendants were duly served with process and a translation thereof in accordance with section 1608 of the FSIA. Defendants failed

to answer or enter an appearance in that case and default was entered on June 29, 2011. On July 6, 2011, Defendants were served with a notice of hearing for Plaintiffs' motion for entry of final judgment. A trial was specially set for August 19, 2011.

7. A non-jury trial was held before the Honorable Beatrice Butchko at which evidence was presented concerning Defendants' liability and Plaintiffs' damages. Following trial, Judge Butchko rendered the Final Judgment, setting forth detailed findings of facts and conclusions of law establishing Plaintiffs' entitlement to judgment against Defendants. (Ex. A, Final Judgment at 2-7).

8. In rendering the Final Judgment, the Florida Circuit Court held that "[w]ith regard to the issues of subject matter jurisdiction, personal jurisdiction, and service of process the record establishes that this Court has subject matter jurisdiction and personal jurisdiction over the Defendants and that service was perfected pursuant to applicable law." (Ex. A, Final Judgment at 5).

9. The Court made the following awards against all Defendants, jointly and severally: (a) $1,400,000,000 in favor of the Estate, representing economic damages; (b) $195,000,000 in favor of Gustavo, individually, representing damages for solatium, pain and suffering, and emotional distress; (c) $195,000,000 in favor of Alfredo, individually, representing damages for solatium, pain and suffering, and emotional distress; (d) $1,000,000,000 in favor of Gustavo as the Personal Representative of the Estate, representing punitive damages; and (e) prejudgment interest on Plaintiffs' claims from February 16, 1959 at the statutory rate. (Ex. A, Final Judgment at 7-9).

10. The Final Judgment was entered on August 19, 2011.

11. On September 14, 2011, Defendants were duly served with a Notice of Default Final Judgment, attaching the Final Judgment and a translation thereof in accordance with section 1608 of the FSIA.

12. Defendants have failed to pay the Final Judgment despite due demand therefore.

## COUNT ONE
### (ENFORCEMENT UNDER THE FULL FAITH AND CREDIT CLAUSE, U.S. CONST. ART. IV, § 1)

13. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 12 of this Complaint as if set forth in full herein.

14. The Final Judgment is entitled to recognition and enforcement under the Full Faith and Credit Clause of the United States Constitution, art. IV, §1, because it is final, valid and on the merits.

15. The Final Judgment is final because it is conclusive of the proceedings before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

16. The Final Judgment is valid because it is not void due to any constitutional infirmity, lack of jurisdiction, power of the rendering court, of other fundamental reason. The Final Judgment was rendered pursuant to an exercise of power granted to the Florida court, which possessed jurisdiction over the subject matter of the case and personal jurisdiction over the Defendants. In addition, the Final Judgment was rendered in compliance with due process requirements as notice was duly given to Defendants at each stage of the proceedings in accordance with section 1608 of the FSIA. As the Florida court held, "[w]ith regard to the issues of subject matter jurisdiction, personal jurisdiction, and service of process the record establishes that this Court has subject matter jurisdiction and personal jurisdiction over the Defendants and that service was perfected pursuant to applicable law." (Ex. A, Final Judgment at 5).

17. The Final Judgment is on the merits because it is an enforceable judgment issued after a trial establishing liability and damages.

18. Accordingly, the Final Judgment is entitled to full faith and credit in this State, pursuant to the Full Faith and Credit Clause, U.S. Const., art. IV, §1.

19. Therefore, Plaintiffs are entitled to judgment in their favor and against Defendants as provided in the Final Judgment.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants granting the following relief:

A. A judgment in Plaintiffs' favor domesticating the Final Judgment as a judgment of this Court;

B. an award of costs, expenses, disbursements, and charges, including reasonable attorney's fees incurred herein; and

C. such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 21, 2011

>                            FRANKFURT KURNIT KLEIN & SELZ, P.C.
>
>                            By: /s/ Edward H. Rosenthal
>                                Edward H. Rosenthal
>                                Nicole I. Hyland
>                                Beth I. Goldman
>
>                            488 Madison Avenue, 10th Floor
>                            New York, New York 10022
>                            Tel.: (212) 980-0120
>                            Fax: (212) 593-9175
>                            erosenthal@fkks.com
>                            nhyland@fkks.com
>                            bgoldman@fkks.com

ANDREW C. HALL  
Florida Bar No. 111480  
andyhall@hlhlawfirm.com  
ROARKE MAXWELL  
Florida Bar No. 0044591  
rmaxwell@hlhlawfirm.com  
HALL, LAMB AND HALL, P.A.  
2665 South Bayshore Drive  
Penthouse One  
Miami, Florida 33133  
Telephone: (305) 374-5030  
Facsimile:  (305) 374-5033  

*Attorneys for Plaintiffs Alfredo Villoldo,*  
*individually, and GUSTAVO E. VILLOLDO,*  
*individually, and as Administrator,*  
*Executor, and Personal Representative of*  
*the ESTATE OF GUSTAVO VILLOLDO*  
*ARGILAGOS*

# EXHIBIT A

| | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>☐ CIVIL<br>☐ CRIMINAL<br>☐ FAMILY<br>☐ TRAFFIC/MISDEMEANOR<br>☐ OTHER | **EXEMPLIFICATION** | **CASE NUMBER**<br><br>08-14505 CA25 |
| **EXEMPLIFICATION OF:**<br><br><br><br>_Final Judgment_ | | **CLOCK IN** |

I, **HARVEY RUVIN**, Clerk of the Circuit and County Courts of the Eleventh Judicial Circuit of Florida, do hereby Certify that I am the Custodian of Official Records for Miami-Dade County, Florida, and the attached document is a certified copy therefrom.

In Witness Whereof, I have set my hand and affixed the seal of my office this _13TH_ day of _DECEMBER_.
20_11_.

Harvey Ruvin, Clerk of Courts
Circuit and County Courts
Miami-Dade County, Florida

By: _____ Deputy Clerk
☒ Division Chief   # _131_
☐ Division Director #_____

I, _Jennifer D. Bailey Circuit Court Judge_, Judge of the ☒ Circuit Court ☐ County Court in and for Miami-Dade County, Florida, do hereby Certify that the Circuit and County Courts of the Eleventh Judicial Circuit have a Clerk of Courts and an authenticated seal for his office. Furthermore, that **HARVEY RUVIN** is the Clerk of Courts for the Eleventh Judicial Circuit of Florida and the custodian of the records thereof.

Witness my hand and Official Signature this _____ day of _DEC 1 3 2011_, 20_____.

Judge
Jennifer D. Bailey
Circuit Court Judge

CLK/CT 138 Rev. 12/09                          Clerk's web address: www.miami-dadeclerk.com

CFN 2011R0558752 OR BK 27799 Pgs 1432 - 1440; (9pgs)
RECORDED 08/22/2011 12:56:25
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the Estate of GUSTAVO VILLOLDO ARGILAGOS,

   Plaintiffs,

v.

FIDEL CASTRO RUZ, as an individual, and as an official, employee, or agent of The Republic of Cuba, RAUL CASTRO RUZ, as an individual, and as an official, employee, or agent of The Republic of, Cuba, THE MINISTRY OF INTERIOR, an agency or instrumentality of The Republic of Cuba, THE ARMY OF THE REPUBLIC OF CUBA, an agency or instrumentality of The Republic of Cuba, and THE REPUBLIC OF CUBA, a foreign state,

   Defendants.

CASE NO: 08-14505 CA 25

_____/

## FINAL JUDGMENT

**THIS CAUSE** came before the Court for non-jury trial on August 19, 2011, and upon the evidence presented, the Court makes the following findings of fact:

### I. Procedural Background

Plaintiffs Alfredo Villoldo and Gustavo E. Villoldo, both American citizens, individually and Gustavo Villoldo acting as the personal representative of the Estate of Gustavo Villoldo Argilagos, filed this action against the Republic of Cuba, the Cuban Army, the Ministry of the Interior, Fidel Castro Ruz, and Raul Castro Ruz, whose acts of terrorism starting in January 1959 with the post take

{10108\00223903.1}

1

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

A TRUE COPY
CERTIFICATION ON LAST PAGE

Book27799/Page1432  CFN#20110558752  Page 1 of 9

over actions of the Cuban Revolutionary government, involving acts of torture and extrajudicial killing, led to the death of Gustavo Villoldo Argilagos, on February 16, 1959, and continued thereafter with acts of terrorism involving threats of assassination of Plaintiff Gustavo Villoldo through mid-2003. Plaintiffs bring claims against Defendants for intentional infliction of emotional distress for the wrongful death of their father pursuant to the terrorist exception to the Foreign Sovereign Immunities Act ("FSIA"), for the consequences of the same and for the acts of terrorism as more fully established below. The Defendants, after being duly served with process and being offered international arbitration, failed to answer or enter an appearance in this case. A default was entered on July 29, 2011. A trial was specially set for August 19, 2011 to determine the amount of damages to be awarded. The trial order was served upon Defendants

## II. Findings of Fact

Plaintiffs Gustavo E. Villoldo ("Gustavo"), born January 21, 1926, and Alfredo Villoldo ("Alfredo"), born June 6, 1937, are United States citizens who have resided in the United States since 1960. Plaintiffs are the sons of decedent Gustavo Villoldo Argilagos.

Gustavo Villoldo Argilagos was born in Cuba on December 25, 1901. He was a dual citizen of the United States and Cuba. His mother, Marie Villoldo Argilagos, was a United States citizen who was born and raised in New York City. Gustavo Villoldo Argilagos, Casto Villoldo, was a Cuban citizen who was born in Cuba.

Gustavo Villoldo Argilagos' parents were married in New York in approximately 1897. Gustavo Villoldo Argilagos became a United States national and citizen at his birth. 8 U.S.C. § 1401 (h) ("The following shall be nationals and citizens of the United States at birth: (h) a person born before noon (Eastern Standard Time) May 24,

{10108\00223903.1}   2

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Book27799/Page1433    CFN#20110558752

A TRUE COPY
CERTIFICATION ON LAST PAGE
Page 2 of 9

1934, outside the limits and jurisdiction of the United States of an alien father and a mother who is a citizen of the United States who, prior to the birth of such person, had resided in the United States.").

Gustavo Villoldo Argilagos grew up in Havana, Cuba. He maintained strong ties to the United States. His older brother George was born in the United States and the American Embassy in Havana at the time of the acts complained of. Gustavo Villoldo Argilagos attended Candler College in Havana. He then studied law at the University of Havana School of Law, and graduated valedictorian of his class. After earning his law degree, Mr. Villoldo studied business and economics at the Wharton School of Business in the United States.

Gustavo Villoldo Argilagos subsequently returned to Cuba and opened one of the first General Motors dealerships in Cuba, Villoldo Motor Company. Mr. Villoldo gained enormous financial success. In addition to the automobile dealership, Mr. Villoldo owned an office building, an assembly plant, a parts department and maintenance shop, and a trading company financing automobile loans. He also owned a gas station, a showroom and parking lot, an office building, a 33,000 acre ranch, a ten story apartment building, and numerous real estate holdings, including an oceanfront family estate and two beach homes. Gustavo Villoldo Argilagos was a member of the highest society, participating in international athletic competition, including the 1920 Olympics and later international shooting competitions. He and his family, including Gustavo Villoldo and Alfredo Villoldo enjoyed a life style consistent with this wealth.

During the early morning hours of January 1, 1959, Fidel Castro assumed control of the government of Cuba. The Villoldo family was targeted by Defendants because of its

{10108\00223903.1}   3   A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK
A TRUE COPY ON LAST PAGE
CERTIFICATION

Book27799/Page1434   CFN#20110558752   Page 3 of 9

financial wealth and Gustavo Villoldo Argilagos' American citizenship. Members of Castro's security forces led by Ernesto "Che" Guevara repeatedly accosted Mr. Villoldo and his family members, at their homes and businesses.

On January 6, 1959, fourteen heavily armed, bearded soldiers known as "Los Barbados," surrounded Alfredo Villoldo's home threatening to kill him. Alfredo telephoned his brother for help. Gustavo responded by traveling to Alfredo's house. On arrival Gustavo was accosted by Los Barbudos, who took both Villoldo brothers into custody. Gustavo was kicked and beaten. Both were transported to Palacio de los Deportes (the Sports Palace), where Defendants were administering mass executions.

Gustavo Villoldo was put in a 30' x 30' cell with approximately 140 other prisoners, mostly former police officers and members of the Batista army who had been captured by Castro's forces. Gustavo Villoldo was detained for five days and tortured. While he was interrogated numerous times, he was deprived of food and sleep and was repeatedly informed that he was going to be sent to the Cabana Fortress to be killed by Che Guevera's firing squad for being an American agent. Gustavo Villoldo and his family members were accused of being lackeys of the United States and Yankee Imperialists. Gustavo Villoldo was beaten during his imprisonment, and his head was placed in a plastic bag threatening to suffocate him. He was taken to a location where other prisoners were executed by firing squad. After five days of confinement and torture aimed toward a confession or the obtaining of information, all of which would have been contrived, he was released. Of the 140 prisoners held with Gustavo Villoldo, Gustavo was one of only a small number who were not executed.

The torment to Gustavo Villoldo Argilagos and his family continued after his

sons' release. Che Guevera, members of the rebel army and members of the Ministerio del Interior continued to threaten Mr. Villoldo, and they forcibly removed him from his home with machine guns held to his throat on several occasions. At least two times he was taken to "El Laguito," a lake where victims of executions were dumped. Mr. Villoldo was also taken to the Ministry of Interior where executions were carried out, and Che Guevera threatened to summarily execute Mr. Villoldo, accusing him of treason. Mr. Villoldo was told repeatedly that he, his sons, and his wife would be killed, unless he acquiesced to the turnover of his property and took his own life. The abductions lasted several hours, and Mr. Villoldo was visibly shaken when he returned, unable to eat or sleep, and at times losing control of his bodily functions. On February 16, 1959, Mr. Villoldo's body was found in his home, an apparent suicide.

Mr. Villoldo's businesses and farm were taken over by the Cuban government, and Mr. Villoldo's bank accounts were confiscated.

Nevertheless, the acts of terrorism continued. While Gustavo and Alfredo were able to leave the island of Cuba, the Defendants continued by actively engaging in efforts toward assassination and threats of assassination, which continued until the middle of 2003.

III.   Conclusions of Law

The terrorism exception to the jurisdictional immunity of a foreign state provides that "A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture. ..." FSIA, 28 U.S.C. § 1605A.   The Act grants nationals of the United States a private right of action against a foreign state or officials or agents of that foreign state acting

A TRUE COPY
CERTIFICATION ON LAST PAGE
A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

within the scope of his or her office, for damages for personal injury or death caused by acts of torture. The FSIA's definition of torture was derived from the definition of that term in the Torture Victim Protection Act of 1991:

> Any act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidation or coercing that individual or a third person, or for any reason, based on discrimination of any kind. 28 U.S.C. § 1350 (note).

The undisputed evidence at trial established that Defendants' conduct rose to such a level of depravity contemplated by this statute. These events started in January, 1959, they caused Mr. Villoldo to take his life, they caused the loss of the Villoldo property, and continued until the middle of 2003 with threats of assassination and assassination attempts. Their actions are properly classified as torture. The Defendants' actions have caused Gustavo and Alfredo severe and permanent emotional pain, distress and suffering. Plaintiffs have also submitted substantial and competent evidence regarding the damages suffered by the Estate of Gustavo Villoldo Argilagos. With regard to emotional distress or solatium damages suffered by Gustavo and Alfredo, such damages may be awarded to them individually pursuant to the Foreign Sovereign Immunities Act. In addition, the Act provides for punitive damages.

With regard to subject matter jurisdiction, personal jurisdiction, and service of process, the record establishes that this Court has subject matter jurisdiction and personal jurisdiction over the Defendants and that service was perfected pursuant to applicable law. All

A TRUE COPY CERTIFICATION ON LAST PAGE
A TRUE COPY CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

defenses have been waived and this Court has jurisdiction to remediate and compensate for the misconduct described above

Based on the foregoing findings of fact and conclusions of law, it is hereby:

**ADJUDGED** that:

1. Judgment is entered in favor of Gustavo E. Villoldo as the Administrator, Executor, and/or Personal Representative of the Estate of Gustavo Villoldo Argilagos, and jointly and severally against FIDEL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, RAUL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, THE MINISTRY OF INTERIOR, an agency and instrumentality of the Republic of Cuba, the ARMY Of THE REPUBLIC OF CUBA, an agency and instrumentality of the Republic of Cuba; and THE REPUBLIC OF CUBA, a foreign state, for the sum of $1,400,000,000 _One billion, 400 Million dollars_, to the Estate of Gustavo Villoldo Argilagos representing economic damages to the Estate.

2. Judgment is entered in favor of Gustavo E. Villoldo individually, and jointly and severally against FIDEL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, RAUL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, THE MINISTRY OF INTERIOR, an agency and instrumentality of the Republic of Cuba, the ARMY Of THE REPUBLIC OF CUBA, an agency and instrumentality of the Republic of Cuba; and THE REPUBLIC OF CUBA, a foreign state, for the sum of $195,000,000, representing damages for solatium, pain and suffering, and emotional distress.

A TRUE COPY
CERTIFICATION ON LAST PAGE
A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

3.    Judgment is entered in favor of Alfredo Villoldo individually, and jointly and severally against FIDEL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, RAUL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, THE MINISTRY OF INTERIOR, an agency and instrumentality of the Republic of Cuba, the ARMY Of THE REPUBLIC OF CUBA, an agency and instrumentality of the Republic of Cuba; and THE REPUBLIC OF CUBA, a foreign state, for the sum of $ _195,000,000_ *One Hundred Ninety Five Million dollars*, representing damages for solatium, pain and suffering, and emotional distress.

*JB 8/19/11*

4. Judgment is entered in favor of Gustavo E. Villoldo as the Personal Representative of the Estate of Gustavo Villoldo Argilagos, and jointly and severally against FIDEL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, RAUL CASTRO, as an individual, agency, and instrumentality of the Republic of Cuba, THE MINISTRY OF INTERIOR, an agency and instrumentality of the Republic of Cuba, the ARMY Of THE REPUBLIC OF CUBA, an agency and instrumentality of the Republic of Cuba; and THE REPUBLIC OF CUBA, a foreign state, for the sum of $ _1,000,000,000_ *One Billion dollars*, representing punitive damages.

*JB 8/19/11*

5.    Execution shall issue forthwith against all Defendants against any of their assets wherever situated. The Plaintiffs are hereby awarded prejudgment interest on the Plaintiffs' claim on behalf of Gustavo Villoldo Argilagos from February 16, 1959 at the statutory rate.

A TRUE COPY
CERTIFICATION ON LAST PAGE
A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

{10108\00223903.1}

8

6. Plaintiffs' counsel is authorized to serve a copy of this Final Judgment upon Defendants by sending a copy of the Final Judgment and a translation thereof to the Ministry of Foreign Affairs of Cuba via International Mail in accordance with Section 1608 of the FSIA.

7. This Court will retain jurisdiction to enforce its judgment.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 19th day of Aug, 2011

BEATRICE BUTCHKO
CIRCUIT COURT JUDGE

Copies to:
Andrew C. Hall, Esq.
Bruno Eduardo Rodríguez Parrilla, Minister of Foreign Affairs

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office. 8-22 AD 20 11
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I hereby certify that the foregoing is a true and correct copy of the original DEC -9 2011